[Civ. No. 9284. Second Appellate District, Division Two.—February 18, 1935.]

MARY L. THOMPSON, Respondent, v. EDWARD J. THOMPSON, Appellant.

W. C. Dalzell for Appellant.

Morin, Newell, Brown & Hamill for Respondent.

SCOTT, J., *pro tem.*—Plaintiff recovered judgment on a written contract. Defendant appeals.

The parties to this action were formerly husband and wife. For nearly twenty-four years they lived together, after which defendant deserted plaintiff and a divorce was obtained by the latter in Pennsylvania. Following the separation the contract was entered into which furnished the basis of the judgment in the instant case. It provided for payment of interest in monthly installments which defendant kept up for eight years; and an option for acceleration in payment of principal if interest was not so paid when due, which option was exercised by plaintiff so as to bring this action.

■ Appellant urges six points in his behalf. Five relate to the sufficiency of the consideration for and the execution of the contract in question. It is not questioned that appellant freely and voluntarily entered into the obligation for the payment of the sum in question to his wife after she had secured a divorce and that he had not made the payment therein provided, but had uncomplainingly paid interest thereon when due. The questions here raised were presented to the trial court and decided adversely to appellant's contentions on evidence which is convincing. ■ If there were any serious conflict the trial court would have been warranted in upholding the right of the unoffending wife as against her former spouse whom the Pennsylvania court found had during fifteen years prior to their separation "periodically wandered off to browse in strange pastures".

■ The sixth point is an objection that plaintiff had agreed to execute a will providing by the terms thereof that if she died prior to November 1, 1932, the balance of the money to be paid under the contract should go to a charitable institution and if she failed to make such a will defendant on her death should be released from this obligation. It has not been suggested that plaintiff has died, and such a provision made in express contemplation of a situation which would arise only if she died prior to November 1, 1932, would be ineffectual.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.